No. 5735.

# GRIMALDI & COMPANY vs. JOSEPH SBISA.

## Syllabus.

1. Where a party gives a reason for his conduct anl decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground and put his conduct upon another and a different consideration.

2. The undisclosed principal, in a business conducted by an agent in his own name, is liable for the debts incurred by the agent in the couse of the business.

Appeal from the Civil District Court for the Parish of Orleans, Division "C," No. 98,976. Hon. E. K. Skinner, Judge.

Patorno & Smart, for plaintiff and appellant.

A. J. Peters, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court as follows:

Plaintiffs were fish dealers in the French Market, and one Louis Alberti was engaged in the same business and occupied an adjoining stall in the same market. The two had long done business with each other.

Between February 18th and July 27th, 1909, plaintiffs sold and delivered merchandise to Alberti, and made cash advances to him and for his account, amounting in all to $588.24; which amount has never been paid.

On August 4th, 1909, Alberti went into bankruptcy, and thereafter his application for a discharge was opposed by plaintiffs and others on the ground that he had failed to surrender a valuable asset, to-wit; the privilege of his stand in the French Market aforesaid.

On the trial of this opposition the bankrupt testified that although the stand and business had continued to

— 176 —

bear his name, yet he had none the less, on February 13th, 1909, "sold the stand outright" to defendant herein, and "turned him over the stand." That from that day defendant herein had gotten all the receipts and paid all the bills of the business, which he (the bankrupt), had since then conducted for account of the defendant herein, as an employee of the latter and receiving from him a salary of $20. per week.

And on the same occasion the defendant herein testified that he had "bought the business" from the bankrupt on February 13th, 1909, since when he had gotten the receipts of the stand and furnished the money to pay the bills. That he had "neglected" to put his own name on the stand because he did not want to appear in the fish business, and although he had not made it public that he had made the purchase, yet he had "let some people know."

On this testimony the bankrupt obtained his discharge; and incidently the defendant herein was thereby confirmed in his title to the stand, which he afterwards disposed of to another fish merchant.

On the trial of this case the defendant and the former bankrupt testified somewhat differently, to-wit, that there had been no taking over of the business by the defendant but merely a sale of the privilege of the stand.

Be this however as it may, this defendant can take nothing by it. As we have said, the inquiry in the bankrupt Court was with reference to the conduct of the bankrupt touching the market stand involved in the controversy. In the outcome of that inquiry both the bankrupt and this defendant were equally interested, the one directly the other incidently. Both joined in explaining and justifying the conduct of the bankrupt by alleging a sale by the latter to this defendant; and to overcome the legal presumption of fraud arising from the vendor hav-

ing remained in possession (**C. C., 2480; Turynes' case, 3 Coke, 80**), they both declared that his possession had been for account of the defendant, and as a salaried employee of the latter.

And now the litigation has begun in consequence of, and based directly upon, their own declarations, they cannot at this time be permitted to withdraw them, and shift their ground in order to meet the exigencies of this case.

For it is well settled law that "where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground and put his conduct upon another and a different consideration."

**Railway Co. vs. McCarthy, 96 U. S., 258, 267.**

And defendant, as the undisclosed principal in the business conducted by Alberti in his own name, is liable for the debts incurred by his agent in the course of that business.

It is therefore ordered that the judgment appealed from be reversed, and it is now ordered that there be judgment in favor of the plaintiffs, Grimaldi & Co., and against the defendant, Joseph Sbisa, for the full sum of five hundred and eighty-eight 24/100 dollars ($588.24) with legal interest from judicial demand until paid and the costs of both Courts.

Reversed.

Opinion and decree, March 10th, 1913.

Rehearing refused, April 7th, 1913.

Dufour, J., takes no part.

Writ denied, May 13th, 1913.